IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------- X

HOLLAND & KNIGHT LLP
800 17th St NW, Suite 1100
Washington, D.C. 20006                                                    Case No.

      Plaintiff,

      v.

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),
1 Massachusetts Avenue, NW
Washington, D.C. 20001

      Defendant.

------------------------------------------------------------------- X

## COMPLAINT

Plaintiff Holland & Knight LLP brings this Freedom of Information Act suit pursuant to 5 U.S.C. § 552, 49 U.S.C. § 24301, and the Amtrak Freedom of Information Act Program regulations under 49 C.F.R. § 701 requesting entry of an order compelling Defendant National Railroad Passenger Corporation (Amtrak) to produce certain public records requested to be produced in a FOIA request that was filed over five months ago. Amtrak has not responded to the request in any manner and has failed to produce even one document.

## JURISDICTION AND VENUE

1. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court under 28 U.S.C. § 1331.

2. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff is a full-service law firm that provides representation in litigation,

business, transportation, and other areas of the law. Holland & Knight has an office located in the District of Columbia.

4. Amtrak is a District of Columbia corporation created by the Rail Passenger Service Act (currently set forth at 49 U.S.C. § 24101 *et seq.*). Amtrak's principal place of business is located at 1 Massachusetts Avenue, NW, Washington, D.C. 20001.

## STATUTORY BACKGROUND

5. FOIA requires an agency (here, Amtrak) to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9). Amtrak is subject to FOIA by statute. 49 U.S.C. § 24301(e).

6. Within 20 working days of receiving a FOIA request, an entity subject to FOIA (hereinafter, a "covered entity") must determine if it will release requested records, notify the requester of its determination, advise the requester about its right to seek assistance from the FOIA Public Liaison and of its right to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i). Amtrak FOIA regulations are to the same effect. 49 C.F.R. § 701.7(b).

7. Only in "unusual circumstances" may a covered entity extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). If a covered entity provides written notice that the request cannot be processed within the specified time limit, the entity shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). And it shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the

requester and the agency." *Id.* Amtrak's FOIA regulations are to the same effect.

8. FOIA requires each covered entity to (i) make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D), and to (ii) promptly disclose requested records. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

9. FOIA provides that a requester may be treated as if they exhausted the administrative appeals process where the agency does not provide a timely determination. If the covered entity has not responded within the statutory time limits, the requester may bring suit. 5 U.S.C. § 552(a)(6)(C)

10. Given Amtrak's failure to respond within the statutory time limits, FOIA authorizes the Court to enjoin the covered entity "from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## THE FOIA REQUEST

11. On August 10, 2022, Holland & Knight LLP, through attorney Paul Kiernan, submitted a FOIA request to Amtrak seeking the following documents:

1. All documents or communications referenced in or prepared in connection with the March 22, 2022 Amtrak Board of Directors resolution entitled "Board of Directors Resolutions Authorizing the Acquisition of Certain Leasehold Interests in Washington Union Station."

2. Any appraisals or valuations prepared by Amtrak or prepared by third parties during the time period from January 1, 2017, to the present regarding any leasehold interest or real-property interest at Washington Union Station.

3. All communications between Amtrak and Union Station Redevelopment Corporation (USRC) during the period from January 1, 2017 through the present relating to or referring to Amtrak seeking to become the tenant under a lease with USRC for Washington Union Station, whether by agreement or through the exercise of the power of eminent domain.

4. All budget requests and analyses shared by Amtrak with the Department of Transportation, the United States Congress, USRC, or the Amtrak Board of Directors during the period from January 1, 2017, through the present in which the potential cost of Amtrak acquiring the leasehold position under a lease with USRC was identified or discussed, or in which the potential benefit to Amtrak of acquiring that leasehold interest was identified or discussed.

5. All contracts between (i) Amtrak and (ii) Ashkenazy Acquisition Corporation or any other vendor or contracting party containing the name "Ashkenazy" affecting Washington Union Station or any other location.

6. All communications between Amtrak and Union Station Investco (USI) or Union Station Sole Member (USSM) during the years 2018 to present.

7. From January 1, 2017, to the present, all documents or communications related to the condemnation or potential acquisition by Amtrak of property interests in Washington Union Station.

8. From January 1, 2017, to the present, all documents or communications related to analyses, schedules, approvals, plans, budgets, or reports related to contemplated or planned improvements or renovations at Washington Union Station or to the status of ongoing improvements or renovations to the Station.

9. All communications to or from Amtrak with (i) USI, (ii), USSM, (iii) USRC, or (iv) any entity whose name includes the word "Ashkenazy," during the period from January 1, 2017 to the present, regarding the subject of Amtrak's desire, need, or plan to secure leased property in Washington Union Station for the purpose of conducting construction in the Station. Include any communications in which Amtrak specifically asked to lease space or acquire an easement for space for purposes of facilitating construction by Amtrak.

10. All documents or communications referring to or relating to valuations, appraisals, or estimates of just compensation for the leasehold position under a lease with USRC.

11. From January 1, 2017 to present, all documents or communications related to Amtrak's efforts to purchase a property interest in Washington Union Station, or attempts to negotiate a purchase price for a property interest in the Station.

12. From January 1, 2017 to present, all documents or communications referring to or relating to the amount or source of funds for the potential purchase of a property interest at Washington Union Station.

13. From January 1, 2017 to present, all documents or communications related to the amount or source of funds for improvements to, or maintenance or operation of, the Station.

    14. From January 1, 2017 to present, communications or documents exchanged between Amtrak and the U.S. Department of Transportation regarding Amtrak's interest in or plan to acquire a leasehold position under a lease with USRC whether by negotiation or be exercise of eminent domain.

A copy of this request is attached hereto as **Exhibit A.**

    12. After receipt of the request, Amtrak assigned it FOIA tracking number #22-FOI-00204.

    13. On September 29, 2022, Mr. Kiernan received an acknowledgment letter stating that the request for information was received by Amtrak's FOIA Office, and that the "estimated date for a response to [the] request is 11/29/2022." The September 29, 2022 acknowledgment letter is attached hereto as **Exhibit B**.

    14. Amtrak's FOIA office later amended the estimated response date to December 2, 2022. The December 2, 2022 date is still currently listed as the "Estimated Delivery Date" on the Amtrak FOIA Portal website.

    15. On multiple occasions, Mr. Kiernan has attempted to determine the status of the FOIA request.

    16. As of the date of this filing, Amtrak has not issued its determination. Amtrak has not made any documents available nor has Amtrak provided any response regarding why Amtrak ignored the December 2, 2022 deadline or the statutory deadline.

    17. Amtrak should have provided Plaintiff with the requested documents within the 20-day mandatory period required by 5 U.S.C. § 522(a)(6)(A)(i). .

    18. To date, Amtrak has not provided the documents requested by Plaintiff in the August 10, 2022 request.

    19. Plaintiff has a statutory right under FOIA to review and copy the materials requested.

20. Amtrak's failure to respond to Plaintiff's request within the statutory time period is deemed a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT I
## VIOLATION OF FOIA, 5 U.S.C. § 552
## Failure to Respond to FOIA Request within the Statutory Time Period

21. Plaintiff incorporates and re-alleges paragraphs 1-20 as if set forth in the Count.

22. Amtrak is subject to 5 U.S.C. § 552. *See* 49 U.S.C. § 24301(e).

23. Amtrak has the requested records within its possession, custody, and control.

24. Amtrak has failed to produce the requested materials within the statutory time period and failed to justify withholding the responsive documents and refuses to respond in any manner.

25. Plaintiff has a statutory right to the information it seeks but Amtrak has failed to provide. Amtrak violated Plaintiff's rights when it unlawfully failed to timely provide all records that are responsive to Plaintiff's FOIA request.

26. Plaintiff's activities will be adversely affected if Amtrak continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA request.

27. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Amtrak will continue to violate Plaintiff's rights to receive public records under FOIA. Amtrak's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

28. Amtrak has withheld responsive agency records from Plaintiff in violation of FOIA,

5 U.S.C. § 552 (a)(3) and has failed to make a determination with respect to its request within 20 days after receipt of such request, as required by U.S.C. § 552(a)(6)(A)(i).

29. Plaintiff has been harmed by Amtrak's failure to comply with FOIA.

## COUNT II
## VIOLATION OF FOIA, 5 U.S.C. § 552
## Failure to Produce Records

30. Plaintiff incorporates and re-alleges paragraphs 1-20 as if set forth in the Count.

31. Amtrak is subject to 5 U.S.C. § 552. *See* 49 U.S.C. § 24301(e).

32. Amtrak has the requested records within its possession, custody, and control.

33. Amtrak has failed to produce the requested materials within the statutory time period, and failed to issue any determination.

34. Plaintiff has a statutory right to the information it seeks but Amtrak has failed to provide. Amtrak violated Plaintiff's rights when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA request.

35. Plaintiff's activities will be adversely affected if Amtrak continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA request.

36. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Amtrak will continue to violate Plaintiff's rights to receive public records under FOIA.

37. Amtrak's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

38. Amtrak has withheld responsive agency records from Plaintiff in violation of FOIA, 5 U.S.C. § 552 (a)(3).

7

39. Plaintiff has been harmed by Amtrak's failure to comply with FOIA.

WHEREFORE, PLAINTIFF respectfully requests the Court:

i. Declare that Amtrak's failure to timely respond is an unlawful violation of FOIA.

ii. Order Amtrak to make all requested records available to Plaintiff, unredacted and without further delay;

iii. Enjoin Amtrak from withholding non-exempt public records under FOIA;

iv. Award Plaintiff its attorneys' fees and costs; and

v. Award such other relief that the Court deems just and proper.

HOLLAND & KNIGHT LLP

 /s/ Paul J. Kiernan
Paul J. Kiernan (D.C. Bar No. 385627)
Sara Benson (D.C. Bar No. 1767612)
800 17th Street N.W.
Suite 1100
Washington, D.C. 20006
Phone: 202-663-7276
Fax: 202-955-5564
Paul.Kiernan@hklaw.com
Sara.Benson@hklaw.com

*Attorneys for Plaintiff Holland & Knight LLP*