# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HOLLAND & KNIGHT LLP** | * | |
| | * | CIVIL ACTION NO. 1:23-CV-00361 |
| PLAINTIFF, | * | |
| v. | * | |
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)** | * | |
| | * | |
| DEFENDANT. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NATIONAL RAILROAD PASSENGER CORPORATION'S
## ANSWER TO COMPLAINT

Defendant National Railroad Passenger Corporation (Amtrak) hereby responds as follows to the numbered and unnumbered paragraphs of the Complaint filed pursuant to 5 U.S.C. § 552, 49 U.S.C. § 24301, and the Amtrak Freedom of Information Act Program under 49 C.F.R. § 701 (ECF No. 1).

## JURISDICTION AND VENUE

1. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court under 28 U.S.C. § 1331.

**Response**

This paragraph consists of legal conclusions, to which no response is required.

2. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**Response**

This paragraph consists of legal conclusions, to which no response is required.

## PARTIES

3. Plaintiff is a full-service law firm that provides representation in litigation, business, transportation, and other areas of the law. Holland & Knight has an office located in the District of Columbia.

**Response**

Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Amtrak is a District of Columbia corporation created by the Rail Passenger Service Act (currently set forth at 49 U.S.C. § 24101 *et seq.*). Amtrak's principal place of business is located at 1 Massachusetts Avenue, NW, Washington, D.C. 20001.

**Response**

Defendant admits that Amtrak is a federally chartered corporation created by the Rail Passenger Service Act, organized under the laws of the District of Columbia, and that its principal place of business is located at 1 Massachusetts Avenue, NW, Washington, D.C. 20001.

## STATUTORY BACKGROUND

5. FOIA requires an agency (here, Amtrak) to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9). Amtrak is subject to FOIA by statute. 49 U.S.C. § 24301(e).

**Response**

This paragraph consists of legal conclusions, to which no response is required.

6. Within 20 working days of receiving a FOIA request, an entity subject to FOIA (hereinafter, a "covered entity") must determine if it will release requested records, notify the requester of its determination, advise the requester about its right to seek assistance from the FOIA Public Liaison and of its right to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i). Amtrak FOIA regulations are to the same effect. 49 C.F.R. § 701.7(b).

**Response**

This paragraph consists of legal conclusions, to which no response is required.

7. Only in "unusual circumstances" may a covered entity extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). If a covered entity provides written notice that the request cannot be processed within the specified time limit, the

entity shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). And it shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* Amtrak's FOIA regulations are to the same effect.

**Response**

    This paragraph consists of legal conclusions, to which no response is required.

    8.    FOIA requires each covered entity to (i) make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D), and to (ii) promptly disclose requested records. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

**Response**

    This paragraph consists of legal conclusions, to which no response is required.

    9.    FOIA provides that a requester may be treated as if they exhausted the administrative appeals process where the agency does not provide a timely determination. If the covered entity has not responded within the statutory time limits, the requester may bring suit. 5 U.S.C. § 552(a)(6)(C)

**Response**

    This paragraph consists of legal conclusions, to which no response is required.

    10.    Given Amtrak's failure to respond within the statutory time limits, FOIA authorizes the Court to enjoin the covered entity "from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

**Response**

    This paragraph consists of legal conclusions, to which no response is required.

### THE FOIA REQUEST

    11.    On August 10, 2022, Holland & Knight LLP, through attorney Paul Kiernan, submitted a FOIA request to Amtrak seeking the following documents:

> 1. All documents or communications referenced in or prepared in connection with the March 22, 2022 Amtrak Board of Directors resolution entitled "Board of Directors Resolutions Authorizing the Acquisition of Certain Leasehold Interests in Washington Union Station."

2. Any appraisals or valuations prepared by Amtrak or prepared by third parties during the time period from January 1, 2017, to the present regarding any leasehold interest or real-property interest at Washington Union Station.

3. All communications between Amtrak and Union Station Redevelopment Corporation (USRC) during the period from January 1, 2017 through the present relating to or referring to Amtrak seeking to become the tenant under a lease with USRC for Washington Union Station, whether by agreement or through the exercise of the power of eminent domain.

4. All budget requests and analyses shared by Amtrak with the Department of Transportation, the United States Congress, USRC, or the Amtrak Board of Directors during the period from January 1, 2017, through the present in which the potential cost of Amtrak acquiring the leasehold position under a lease with USRC was identified or discussed, or in which the potential benefit to Amtrak of acquiring that leasehold interest was identified or discussed.

5. All contracts between (i) Amtrak and (ii) Ashkenazy Acquisition Corporation or any other vendor or contracting party containing the name "Ashkenazy" affecting Washington Union Station or any other location.

6. All communications between Amtrak and Union Station Investco (USI) or Union Station Sole Member (USSM) during the years 2018 to present.

7. From January 1, 2017, to the present, all documents or communications related to the condemnation or potential acquisition by Amtrak of property interests in Washington Union Station.

8. From January 1, 2017, to the present, all documents or communications related to analyses, schedules, approvals, plans, budgets, or reports related to contemplated or planned improvements or renovations at Washington Union Station or to the status of ongoing improvements or renovations to the Station.

9. All communications to or from Amtrak with (i) USI, (ii), USSM, (iii) USRC, or (iv) any entity whose name includes the word "Ashkenazy," during the period from January 1, 2017 to the present, regarding the subject of Amtrak's desire, need, or plan to secure leased property in Washington Union Station for the purpose of conducting construction in the Station. Include any communications in which Amtrak specifically asked to lease space or acquire an easement for space for purposes of facilitating construction by Amtrak.

10. All documents or communications referring to or relating to valuations, appraisals, or estimates of just compensation for the leasehold position under a lease with USRC.

11. From January 1, 2017 to present, all documents or communications related to Amtrak's efforts to purchase a property interest in Washington Union Station, or attempts to negotiate a purchase price for a property interest in the Station.

12. From January 1, 2017 to present, all documents or communications referring to or relating to the amount or source of funds for the potential purchase of a property interest at Washington Union Station.

13. From January 1, 2017 to present, all documents or communications related to the amount or source of funds for improvements to, or maintenance or operation of, the Station.

14. From January 1, 2017 to present, communications or documents exchanged between Amtrak and the U.S. Department of Transportation regarding Amtrak's interest in or plan to acquire a leasehold position under a lease with USRC whether by negotiation or be exercise of eminent domain.

A copy of this request is attached hereto as **Exhibit A.**

**Response**

Defendant admits that on August 10, 2022, Holland & Knight LLP, through attorney Paul Kiernan, submitted a FOIA request to Amtrak and respectfully refers the Court to Exhibit A to the Complaint for its contents.

12. After receipt of the request, Amtrak assigned it FOIA tracking number #22-FOI-00204.

**Response**

Defendant admits the allegations in Paragraph 12 of the Complaint.

13. On September 29, 2022, Mr. Kiernan received an acknowledgment letter stating that the request for information was received by Amtrak's FOIA Office, and that the "estimated date for a response to [the] request is 11/29/2022." The September 29, 2022 acknowledgment letter is attached hereto as **Exhibit B**.

**Response**

Defendant admits that Amtrak sent Mr. Kiernan the acknowledgment attached as Exhibit B to the Complaint on September 29, 2022, but lacks information sufficient to form a belief as to when Mr. Kiernan received it.

14. Amtrak's FOIA office later amended the estimated response date to December 2, 2022. The December 2, 2022 date is still currently listed as the "Estimated Delivery Date" on the Amtrak FOIA Portal website.

**Response**

  Defendant admits the allegations in Paragraph 14 of the Complaint.

  15. On multiple occasions, Mr. Kiernan has attempted to determine the status of the FOIA request.

**Response**

  Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

  16. As of the date of this filing, Amtrak has not issued its determination. Amtrak has not made any documents available nor has Amtrak provided any response regarding why Amtrak ignored the December 2, 2022 deadline or the statutory deadline.

**Response**

  Defendant denies that Amtrak has not made any documents available nor provided any response to Plaintiffs' FOIA request. Plaintiff is seeking to use FOIA for an impermissible purpose. Specifically, Plaintiff seeks to circumvent the discovery process in a parallel condemnation case, Civil Action No. 1:22-cv-01043, in which Plaintiff represents the defendants, Union Station Investco and Kookmin Bank Co., Ltd. (both individually and in its capacity as trustee of KTB CRE Debt Fund No. 8, a Korean Investment Trust, by its agent on behalf of the Trust in Korea, Daol Fund Management Co., and by its agent on behalf of the Trust in the United States, Rexmark Holdings LLC). Amtrak has produced many of the documents sought here through the discovery process in the condemnation case.

  17. Amtrak should have provided Plaintiff with the requested documents within the 20-day mandatory period required by 5 U.S.C. § 522(a)(6)(A)(i).

**Response**

  This paragraph consists of legal conclusions, to which no response is required.

  18. To date, Amtrak has not provided the documents requested by Plaintiff in the August 10, 2022 request.

**Response**

Defendant denies the allegations in Paragraph 18 of the Complaint for reasons set forth in response to Paragraph 16.

19. Plaintiff has a statutory right under FOIA to review and copy the materials requested.

**Response**

This paragraph provides a legal conclusion to which no response is required.

20. Amtrak's failure to respond to Plaintiff's request within the statutory time period is deemed a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

**Response**

This paragraph consists of legal conclusions, to which no response is required.

<u>**COUNT I**</u>
<u>**VIOLATION OF FOIA, 5 U.S.C. § 552**</u>
<u>**Failure to Respond to FOIA Request within the Statutory Time Period**</u>

21. Plaintiff incorporates and re-alleges paragraphs 1-20 as if set forth in the Count.

**Response**

Defendant incorporates all answers set forth in foregoing paragraphs 1-20 to the extent those paragraphs are incorporated and re-alleged in this paragraph.

22. Amtrak is subject to 5 U.S.C. § 552. *See* 49 U.S.C. § 24301€.

**Response**

This paragraph consists of legal conclusions, to which no response is required.

23. Amtrak has the requested records within its possession, custody, and control.

**Response**

To the extent that Plaintiff only seeks documents that are actually within Amtrak's possession, custody and control, Defendant admits the allegations in Paragraph 23 of the

Complaint.

24. Amtrak has failed to produce the requested materials within the statutory time period and failed to justify withholding the responsive documents and refuses to respond in any manner.

**Response**

Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Plaintiff has a statutory right to the information it seeks but Amtrak has failed to provide. Amtrak violated Plaintiff's rights when it unlawfully failed to timely provide all records that are responsive to Plaintiff's FOIA request.

**Response**

This paragraph consists of legal conclusions, to which no response is required.

26. Plaintiff's activities will be adversely affected if Amtrak continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA request.

**Response**

Defendant denies the allegations in Paragraph 26 of the Complaint. To the extent Plaintiff seeks to use the requested documents to represent its client Union Station Investco in the parallel condemnation proceedings, Plaintiff has access to the discovery process and is not adversely affected by any of Amtrak's actions. To the extent Plaintiff seeks to use the requested records for some other purposes, Defendant lacks knowledge of any other activities in which Plaintiff is engaged to which the requested records relate.

27. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Amtrak will continue to violate Plaintiff's rights to receive public records under FOIA. Amtrak's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

**Response**

This paragraph consists of legal conclusions, to which no response is required.

28. Amtrak has withheld responsive agency records from Plaintiff in violation of FOIA,

5 U.S.C. § 552 (a)(3) and has failed to make a determination with respect to its request within 20 days after receipt of such request, as required by U.S.C. § 552(a)(6)(A)(i).

**Response**

Amtrak denies the allegations in Paragraph 28 of the Complaint.

29. Plaintiff has been harmed by Amtrak's failure to comply with FOIA.

**Response**

Defendant lacks information sufficient to form a belief as to any alleged harm asserted by Plaintiff and denies that it has failed to comply with FOIA.

## COUNT II
## VIOLATION OF FOIA, 5 U.S.C. § 552
## Failure to Produce Records

30. Plaintiff incorporates and re-alleges paragraphs 1-20 as if set forth in the Count.

**Response**

Defendant incorporates all answers set forth in foregoing paragraphs 1-20 to the extent those paragraphs are incorporated and re-alleged in this paragraph.

31. Amtrak is subject to 5 U.S.C. § 552. *See* 49 U.S.C. § 24301€.

**Response**

This paragraph consists of legal conclusions, to which no response is required.

32. Amtrak has the requested records within its possession, custody, and control.

**Response**

To the extent that Plaintiff only seeks documents that are actually within Amtrak's possession, custody and control, Defendant admits the allegations in Paragraph 32 of the Complaint. To the extent that some of Plaintiffs' requests are vague, Amtrak lacks the ability to admit or deny the allegation.

33. Amtrak has failed to produce the requested materials within the statutory time period, and failed to issue any determination.

**Response**

Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Plaintiff has a statutory right to the information it seeks but Amtrak has failed to provide. Amtrak violated Plaintiff's rights when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA request.

**Response**

This paragraph contains conclusions of law that do not require a response.

35. Plaintiff's activities will be adversely affected if Amtrak continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA request.

**Response**

Defendant denies the allegations in Paragraph 35 of the Complaint. To the extent Plaintiff seeks to use the requested documents to represent its client Union Station Investco in the parallel condemnation proceedings, Plaintiff has access to the discovery process and is not adversely affected by any of Amtrak's actions. To the extent Plaintiff seeks to use the requested records for some other purposes, Defendant lacks knowledge of any other activities in which Plaintiff is engaged to which the requested records relate.

36. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Amtrak will continue to violate Plaintiff's rights to receive public records under FOIA.

**Response**

This paragraph makes conclusions of law to which no response is required.

37. Amtrak's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

**Response**

This paragraph makes conclusions of law to which no response is required.

38. Amtrak has withheld responsive agency records from Plaintiff in violation of FOIA, 5 U.S.C. § 552 (a)(3).

**Response**

Amtrak denies the allegations in Paragraph 38 of the Complaint.

39. Plaintiff has been harmed by Amtrak's failure to comply with FOIA.

**Response**

Defendant lacks information sufficient to form a belief as to any alleged harm asserted by Plaintiff and denies that it has failed to comply with FOIA.


WHEREFORE, PLAINTIFF respectfully requests the Court:

i. Declare that Amtrak's failure to timely respond is an unlawful violation of FOIA.

ii. Order Amtrak to make all requested records available to Plaintiff, unredacted and without further delay;

iii. Enjoin Amtrak from withholding non-exempt public records under FOIA;

iv. Award Plaintiff its attorneys' fees and costs; and

v. Award such other relief that the Court deems just and proper.

**Response**

These paragraphs make a request from the court to which no response is required from Defendant. To the extent an answer is required, Defendant generally denies any suggestion that it has violated FOIA and denies that Plaintiff is entitled to the relief sought. Defendant further specifically denies that Plaintiff is eligible to receive attorney's fees and costs because Plaintiff's request is made for commercial benefit. *See Fenster v. Brown*, 617 F.2d 740, 743 (D.C. Cir. 1979) ("When a complainant seeks disclosure of information for commercial benefit, an award of fees is generally inappropriate."); *see also Dorsen v. S.E.C.*, 15 F. Supp. 3d 112, 123 (D.D.C. 2014) (holding that a plaintiff was not entitled to attorney's fees when their "ultimate goal" was pursuant to a commercial interest and sought disclosure of information to develop their arguments in a

parallel legal proceeding).

## AFFIRMATIVE DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation.

### First Affirmative Defense

Plaintiff has failed to state a claim on which relief may be granted under FOIA.

### Second Affirmative Defense

Some or all of the records sought by Plaintiff are exempt from release in full or in part under more exemptions of FOIA, 5 U.S.C. § 552, as amended.

### Third Affirmative Defense

Some or all of the records sought by Plaintiff are exempt from access under the applicable provisions of the Privacy Act, 5 U.S.C. § 552, as amended.

### Fourth Affirmative Defense

Plaintiff's request fails to describe reasonably the records sought.

### Fifth Affirmative Defense

Plaintiff's request asks the Defendant to conduct a search that is unreasonably burdensome.

### Sixth Affirmative Defense

Plaintiff is seeking to use FOIA for an impermissible purpose. Specifically, Plaintiff seeks to circumvent the discovery process in a parallel condemnation case, Civil Action No. 1:22-cv-01043, in which Plaintiff represents the Defendant, Union Station Investco and Kookmin Bank Co., Ltd. (both individually and in its capacity as trustee of KTB CRE Debt Fund No. 8, a Korean Investment Trust, by its agent on behalf of the Trust in Korea, Daol Fund Management Co., and by its agent on behalf of the Trust in the United States, Rexmark Holdings LLC). Amtrak has produced many of the documents sought here through the discovery process in the condemnation case.

## **Seventh Affirmative Defense**

Plaintiff is not entitled to attorneys' fees or costs because, among other reasons, Plaintiff seeks records for a commercial purpose.

Wherefore, Defendant prays that this Court dismiss the Complaint with prejudice, and that the Court grant such other and further relief as the Court deems just and proper.

Dated: June 3, 2024                                    Respectfully submitted,

**COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION**

/s Lindsay C. Harrison
Lindsay C. Harrison, DC Bar #977407
Jessica Ring Amunson, DC Bar #497223
JENNER & BLOCK, LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
Telephone: 202-639-6000

Fax: 202-639-6066  
lharrison@jenner.com  
jamunson@jenner.com  

/s Patricia McHugh Lambert  
Patricia McHugh Lambert, US DC Bar ID MD0008  
Kambon R. Williams, US DC Bar ID MD29872  
PESSIN KATZ LAW, P.A.  
901 Dulaney Valley Road, Suite 500  
Towson, MD 21204  
Telephone: 410-938-8800  
Fax: 410-832-5650  
plambert@pklaw.com  
kwilliams@pklaw.com