## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HOLLAND & KNIGHT LLP      *

                      *      CIVIL ACTION NO. 1:23-CV-000361

PLAINTIFF,

                      *

v.

                      *

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK)

                      *

DEFENDANTS

                      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFF'S NOTICE TO COURT

Pursuant to the Court's Minute Order entered October 18, 2024, plaintiff advises the Court that the case cannot be dismissed because plaintiff intends to challenge the withholding of documents. However, plaintiff wants to confer with defendant's counsel to see if some or all of the challenges can be resolved before plaintiff files a motion to overrule claimed exemptions and to compel production.

In responding to the FOIA request, Amtrak made a unitary production of documents covering both its FOIA response and its response to discovery requests in the eminent-domain action. Amtrak produced a privilege log in the eminent-domain action with privileges asserted by category and summary, not document-by-document. Amtrak counsel has confirmed that its claims of exemption from FOIA production are identical to the privileges asserted in the eminent-domain action. Therefore, it is plaintiff's understanding that Amtrak is asserting in the FOIA case only Exemption 5 for work-production protection or attorney-client privilege for certain categories of documents otherwise covered by the FOIA requests.

The privilege log on its face indicates that certain documents may not be properly withheld under Exemption 5 but it is hard to tell without more information about the documents themselves.

For example, there are documents for which attorney-client privilege is claimed that are identified as having been sent or received by individuals who are not Amtrak employees and not counsel. There are documents for which work-product exemption is claimed that predate by almost a year the filing of the eminent-domain litigation, raising the question of whether they are properly categorized as having been prepared in anticipation of litigation. It is unclear on a document-by-document basis why certain communications would be properly exempt from production. Amtrak has not submitted a declaration or affidavit describing the justifications for nondisclosure with reasonably specific detail as to why the information withheld logically falls within Exemption 5. *See WP Company LLC v. U.S. Department of Defense*, 626 F.Supp. 69, 76-77 (D.D.C. 2022). Without impugning defendant's counsel in any way, plaintiff needs more information from Amtrak about the basis for particular documents' claimed exemption from production.

Plaintiff will work with Amtrak counsel and try to work efficiently through the categories of documents that are in dispute. If there are remaining issues after that process is completed, plaintiff will file a motion to compel production with supporting explanation as to why Amtrak has not discharged its burden of demonstrating entitlement to exemption. Plaintiff suggests that the Court set this down for a further status conference or status report.

Respectfully Submitted,

HOLLAND & KNIGHT LLP

*/s/ Paul J. Kiernan*
Paul J. Kiernan (D.C. Bar No. 385627)
Sara Benson (D.C. Bar No. 1767612)
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Phone: 202-663-7276
Fax: 202-955-5564
Paul.Kiernan@hklaw.com
Sara.Benson@hklaw.com

*Attorneys for Plaintiff Holland & Knight LLP*

**CERTIFICATE OF SERVICE**

I hereby certify on this 1st of November, 2024, I served a true and correct copy of the foregoing Plaintiff's Status Report on counsel of record.

/s/ Paul J. Kiernan
Paul J. Kiernan